OCT 14 2010

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>U.S. HOMEOWNERS RELIEF, INC.,<br>a California corporation; *et al*<br><br>Defendants. | Case No. SACV10-1452 JST (PJWx)<br><br>**ORDER OF PRELIMINARY INJUNCTION AS TO DEFENDANTS AMINULLAH SARPAS AND NEW LIFE SOLUTIONS, INC.** |

On September 27, 2010, Plaintiff Federal Trade Commission ("FTC" or "Commission"), pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, filed a complaint for permanent injunction and other equitable relief, including consumer redress and applied for an *ex parte* temporary restraining order with asset freeze, appointment of a temporary receiver, immediate entry, other *ex parte* relief, and an order to show cause why a preliminary injunction should not be granted. Fed. R. Civ. P. 65.

On September 28, 2010, the Court issued a Temporary Restraining Order with Asset Freeze, Appointment of a Temporary Receiver, Immediate Access to

Page 1

1    Business Premises and an Order to Show Cause why a Preliminary Injunction

2    Should Not Issue (TRO). The TRO appointed a temporary receiver, froze the

3    assets of all of the Defendants and set a hearing on the issuance of a preliminary

4    injunction for October 12, 2010.

5        Plaintiff, negotiating through its counsel, and Defendants **AMINULLAH**

6    **SARPAS** ("**SARPAS**"), also known as **AMIN SARPAS** and **DAVID SARPAS**,

7    negotiating through counsel on behalf of himself and on behalf of and also d/b/a

8    **DOCUMENT RESOURCE CENTER** and **NEW LIFE SOLUTIONS, INC.**

9    also d/b/a **NLS DEBT RELIEF** ("**NEW LIFE**"), have agreed to stipulate to the

10    entry of a preliminary injunction as to **SARPAS** and **NEW LIFE**, the continuation

11    of the asset freeze, and other relief with the following findings of fact and order:

12

13                              **FINDINGS OF FACT**

14       1.      This Court has jurisdiction over the subject matter of this case and the

15    defendants and venue in this district is proper.

16       2.      Defendants **SARPAS** and **NEW LIFE** were properly served with the

17    Complaint, Summons and TRO in this matter.

18       3.      Defendants **SARPAS** and **NEW LIFE** have not admitted to liability

19    as to the causes of action in the Complaint, and their consent to entry of this

20    preliminary injunction shall not be interpreted to constitute an admission that either

21    of them have engaged in any violations of any law or regulation.

22       4.      There is good cause to believe that the Commission is likely to prevail

23    on the merits of this action.

24       5.      There is good cause to believe that immediate and irreparable harm

25    will result from Defendants **SARPAS** and **NEW LIFE**'s ongoing violations of

26    Section 5(a) of the FTC Act as well as various provisions of the Telemarketing

27    Sales Rule ("TSR") unless these Defendants are restrained and enjoined by Order

28    of this Court.

6.      Weighing the equities and considering Plaintiff's likelihood of ultimate success, a Preliminary Injunction with asset freeze and other equitable relief is in the public interest.

7.      The Commission is an independent agency of the United States of America and no security is required of any agency of the United States for issuance of a restraining order under Fed. R. Civ. P. 65(c).

# ORDER

## Definitions

8.      **"Asset" or "Assets"** means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes" (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located.

9.      **"Assisting others"** includes but is not limited to: (1) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; (2) formulating or providing, or arranging for the formulation or provision of, any sales script or other marketing material; (3) providing names of, or assisting in the generation of, potential customers; (4) performing or providing marketing or billing services of any kind; (5) acting as an officer or director of a business entity; or (6) providing telemarketing services.

10.      **"Defendants"** means the Individual Defendant and Corporate Defendant, individually, collectively, or in any combination.

        a.      **"Corporate Defendant"** refers to New Life Solutions, Inc., also d/b/a NLS Debt Relief, and their successors and assigns; and

b.    **"Individual Defendant"** means Aminullah Sarpas, also known as Amin Sarpas and David Sarpas, and also d/b/a Document Resource Center, by whatever other names he may be known.

11.    **"Document" or "Documents"** means any materials listed in Federal Rule of Civil Procedure 34(a) and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, digital records, and other data compilations from which information can be obtained and translated, if necessary, into reasonably usable form through detection devices.  A draft or nonidentical copy is a separate Document within the meaning of the term.

12.    **"Financial Institution"** means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

13.    **"Material"** means likely to affect a person's choice of, or conduct regarding, goods or services.

14.    **"Mail"** includes but is not limited to all envelopes, papers or other items delivered, whether by United States Mail, United Postal Service, Federal Express, or similar delivery service.

15.    **"Mortgage loan modification service"** means any good, service, plan, or program that is represented, expressly or by implication, to assist a consumer in any manner to (a) stop, prevent, or postpone any home mortgage or deed of trust foreclosure sale; (b) obtain or arrange a modification of any term of a home loan, deed of trust, or mortgage; (c) obtain any forbearance from any mortgage loan holder or servicer; (d) exercise any right of reinstatement of any mortgage loan; (e) obtain, arrange, or attempt to obtain or arrange any extension of the period within which the owner of property sold at foreclosure may cure his or her default or reinstate his or her obligation; (f) obtain any waiver of an acceleration clause contained in any promissory note or contract secured by a deed

of trust or mortgage on a residence in foreclosure or contained in that deed of trust; (g) obtain a loan or advance of funds that is connected to the consumer's home ownership; (h) avoid or ameliorate the impairment of the consumer's credit record, credit history, or credit rating that is connected to the consumer's home ownership; (i) save the consumer's residence from foreclosure; (j) assist the consumer in obtaining proceeds from the foreclosure sale of the consumer's residence; (k) obtain or arrange a pre-foreclosure sale, short sale, or deed-in-lieu of foreclosure; (l) obtain or arrange a refinancing, recapitalization, or reinstatement of a home loan, deed of trust, or mortgage; (m) audit or examine a consumer's mortgage or home loan application; or (n) obtain, arrange, or attempt to obtain or arrange any extension of the period within which the renter of property sold at foreclosure may continue to occupy the property.  The foregoing shall include any manner of claimed assistance including, but not limited to, debt, credit, budget, or financial counseling; receiving money for the purpose of distributing it to creditors; contacting creditors or servicers on behalf of the consumer; and giving advice of any kind with respect to filing for bankruptcy.

16.    **"Person"** means a natural person, an organization, or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

17.    **"Telemarketer"** means any person who, in connection with telemarketing, initiates or receives telephone calls to or from a customer or donor. 16 C.F.R. § 310.2(bb).

18.    **"Telemarketing"** means a plan, program, or campaign (whether or not covered by the Telemarketing Sales Rule, 16 C.F.R. Part 310), which is conducted to induce the purchase of goods or services or a charitable contribution by use of one or more telephones.

# CONDUCT PROHIBITIONS

## I. Prohibition Against Misrepresentations of Material Facts and Violations of the Telemarketing Sales Rule

**IT IS THEREFORE ORDERED** that Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, in connection with the telemarketing, advertising, promoting, marketing, proposed sale, or sale of any credit-related product or service, are hereby restrained and enjoined from:

A.     Misrepresenting, or assisting others in misrepresenting, directly or indirectly, expressly or by implication, any material fact, including, but not limited to the following:

   1.     That consumers who purchase Defendants' loan modification services will obtain a loan modification that will make their mortgage payments substantially more affordable;

   2.     That Defendants are part of, or affiliated with, the United States government; and

   3.     That Defendants will fully refund consumers' payments if Defendants fail to obtain the promised loan modification.

B.     Violating, or assisting others in violating, any provision of the Telemarketing Sales Rule, 16 C.F.R. Part 310, including, but not limited to:

   1.     Section 310.3(a)(2)(iii) of the TSR, 16 C.F.R. § 310.3(a)(2)(iii), by misrepresenting, directly or by implication, any material aspect of the performance, efficacy, nature, or central characteristics of goods or services that are the subject of a sales offer;

2.      Section 310.3(a)(2)(iv) of the TSR, 16 C.F.R. § 310.3(a)(2)(iv),
by misrepresenting, directly or by implication, any material aspect of
the nature or terms of the seller's refund, cancellation, exchange, or
repurchase policies; and

3.      Section 310.3(a)(2)(vii) of the TSR, 16 C.F.R.
§ 310.3(a)(2)(vii), by misrepresenting a seller's or telemarketer's
affiliation with, or endorsement or sponsorship by, any person or
government entity.

## II.  Customer Information

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents,
servants, employees, and attorneys, and all other persons in active concert or
participation with any of them, who receive actual notice of this Order by personal
service or otherwise, are hereby restrained and enjoined from:

A.      Selling, renting, leasing, transferring, or otherwise disclosing the
name, address, birth date, telephone number, email address, Social Security
number, Social Insurance number, credit or debit card number, bank account
number, or other financial or identifying personal information of any person from
whom or about whom any Defendant obtained such information in connection with
activities alleged in the FTC's Complaint;

B.      Benefitting from or using the name, address, birth date, telephone
number, email address, Social Security number, Social Insurance number, credit or
debit card number, bank account number, or other financial or identifying personal
information of any person from whom or about whom any Defendant obtained
such information in connection with activities alleged in the FTC's Complaint.

Provided, however, that Defendants may disclose such financial or
identifying personal information to a law enforcement agency or as required by any
law, regulation, or court order.

Page 7

### III.  Monitoring Telemarketing Compliance

**IT IS FURTHER ORDERED** that, in connection with any business or business venture that Defendants directly or indirectly manage, control, or have a majority ownership interest in, that engages in telemarketing, or assists others engaged in telemarketing, Defendants are hereby temporarily restrained and enjoined from:

    A.    Failing to take reasonable steps to ensure that all of their employees and independent contractors engaged in telemarketing comply with Paragraph I of this Order;

    B.    Failing to investigate promptly and fully any consumer complaint received by any business to which this Paragraph applies; and

    C.    Failing to take corrective action with respect to any telemarketer whom Defendants determine is not complying with this Order, which may include training, disciplining, and/or terminating such sales persons;

*Provided, however,* that this Paragraph does not authorize or require Defendants to take any action that violates any federal, state, or local law.

## ASSET PROVISIONS

### IV.  Asset Freeze

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, except as provided herein, as stipulated by the parties, or as directed by further order of the Court, are hereby restrained and enjoined from:

A.     Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, shares of stock, lists of consumer names, or other assets, or any interest therein, wherever located, including outside the territorial United States, that are:

1.     Owned, controlled, or held by, in whole or in part, for the benefit of, or subject to access by, or belonging to, any Defendant;

2.     In the actual or constructive possession of any Defendant;

3.     Held by an agent of any Defendant, including as a retainer for the agent's provision of services to any of them; or

4.     In the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, or belonging to, any other corporation, partnership, trust, or any other entity directly or indirectly owned, managed, or controlled by, or under common control with, any Defendant, including, but not limited to, any assets held by or for any Defendant in any account at any bank or savings and loan institution, or with any credit card processing agent, automated clearing house processor, network transaction processor, bank debit processing agent, customer service agent, commercial mail receiving agency, or mail holding or forwarding company, or any credit union, retirement fund custodian, money market or mutual fund, storage company, trustee, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, or other financial institution or depository of any kind, either within or outside the territorial United States;

B.     Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of any Defendant, or subject to

access by any Defendant or under any Defendant's control, without providing the Commission prior notice and an opportunity to inspect the contents in order to determine that they contain no assets covered by this Section;

C.    Cashing any checks or depositing any payments from customers or clients of Defendants;

D.    Incurring charges or cash advances on any credit card issued in the name, singly or jointly, of any Defendant; or

E.    Incurring liens or encumbrances on real property, personal property, or other assets in the name, singly or jointly, of any Defendant or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant;

F.    Scope of Asset Freeze:   The funds, property, and assets affected by this Section shall include both existing assets and assets acquired after the effective date of this Order.  Notwithstanding the above, the assets of Defendants frozen by this section shall not include monies earned after September 28, 2010, so long as that income is not derived from any activity prohibited by this Order or from any other violation of Section 5(a) of the FTC Act, 15 U.S. C. 45(a) or any violation of any provision of the TSR or any other violation of law, *provided that*:

1.    Within three (3) days of a request from the FTC, Defendants shall provided detailed information about any ongoing business or source of funds, including identification of clients within three (3) days of receiving any payment, and including provision of current scripts and contracts;

2.    On a monthly basis each Defendant shall submit to the FTC a sworn statement reporting on all income received or earned the previous month from whatever source.  Any acquisition or expenditures of $1,000 or more shall be reported to Plaintiff within three (3) days of the acquisition or expenditure.

3.     The FTC reserves the right to apply to the Court for further relief pertaining to monies earned or assets acquired by any Defendant after September 28, 2010.

## V.  Repatriation of Assets and Documents

**IT IS FURTHER ORDERED** that, if they have not already done so pursuant to the Temporary Restraining Order, Defendants shall:

A.     Within three (3) business days following service of this Order, provide Plaintiff with a full accounting of all documents and assets that are located outside of the territory of the United States of America or that are held by or for any Defendant or are under any Defendant's direct or indirect control, jointly, severally, or individually, including the addresses and names of any foreign or domestic financial institution or other entity holding the documents and assets, along with the account numbers and balances;

B.     Hold and retain all such documents and assets and prevent any transfer, disposition, or dissipation whatsoever of any such documents or assets in full compliance with **Section IV (Asset Freeze)** of this Order until further Order of this Court; and

C.     Provide Plaintiff access to Defendants' records and documents held by financial institutions or other entities outside the territorial United States, by signing and delivering to Plaintiff's counsel the Consent to Release of Financial Records attached to this Order as **Attachment A**.

## VI.  Financial Statements and Accounting

**IT IS FURTHER ORDERED** that, within 72 hours following the service of this Order, each Defendant that  has not already done so shall prepare and deliver to counsel for the Commission a financial statement as follows:

A.    Each Individual Defendant shall, for him or herself, prepare and deliver to counsel for the Commission:

> 1.    A completed financial statement on the form captioned "Financial Statement of Individual Defendant," which is attached to this Order as **Attachment B**; and
>
> 2.    For each business entity he or she owns, controls, operates or of which he is an officer, and for each trust of which he or she is a trustee, complete and deliver the "Financial Statement of Corporate Defendant" that is attached to this order as **Attachment C**.

B.    Each Corporate Defendant shall complete and deliver the "Financial Statement of Corporate Defendant" that is attached to this Order as **Attachment C**, provided that any corporate Defendant need not separately complete this form if it is provided for the Corporate Defendant by an Individual Defendant pursuant to this section;

C.    A Financial Statement shall be completed for each Defendant and for each business entity under which that Defendant conducts business, or of which that Defendant is an officer, and for each trust for which that Defendant is a trustee. The Financial Statements shall be accurate as of date of the entry of this Order and shall be verified under oath; and

D.    Each Defendant shall also file with the Court a Proof of Service certifying compliance with this paragraph.

E.    Each Defendant shall also prepare and deliver to counsel for the FTC a completed statement, verified under oath:

> 1.    specifying the name and address of each financial institution and brokerage firm at which the Defendant has accounts or safe deposit boxes.  Said statements shall include assets held in foreign as well as domestic accounts; and

2.      listing each person who has received payments, transfers, or assignments of funds, assets, or property that total $10,000 or more in any twelve-month period since January 1, 2008.  This list shall specify: (i) the amount(s) transferred or assigned; (ii) the name of each transferee or assignee; (iii) the date of the assignment or transfer; and (iv) the type and amount of consideration paid to the Defendant.

## RECORD KEEPING PROVISIONS

### VII. Records Maintenance and New Business Activity

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are hereby restrained and enjoined from:

A.      Failing to create and maintain books, records, accounts, bank statements, current accountants' reports, general ledgers, general journals, cash receipt ledgers, cash disbursement ledgers and source documents, documents indicating title to real or personal property, and any other data which, in reasonable detail, accurately, fairly and completely reflect the incomes, disbursements, transactions, dispositions, and uses of the Defendants' assets;

B.      Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any Documents, including electronically stored materials, that relate in any way to the business practices or business or personal finances of Defendants; to the business practices or finances of entities directly or indirectly under the control of Defendants; or to the business practices or finances of entities directly or indirectly under common control with any other Defendant; and

C.    Creating, operating, or exercising any control over any new business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing Plaintiff with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## VIII.   Preservation of Existing Records

**IT IS FURTHER ORDERED** that Defendants, and each of their successors, assigns, members, officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate, or other device, are hereby temporarily restrained and enjoined from destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any contracts, accounting data, correspondence, email, advertisements, computer tapes, discs, or other computerized storage media, books, written or printed records, handwritten notes, telephone logs, telephone scripts, recordings, receipt books, ledgers, personal or business cancelled checks or check registers, bank statements, appointment books, copies of federal, state or local business or personal income or property tax returns, or other documents or records of any kind that relate to the business practices or business or personal finances of Defendants, individually or jointly.

# SERVICE OF DOCUMENTS, DISTRIBUTION & MISCELLANEOUS

## IX.  Service of this Order

**IT IS FURTHER ORDERED** that copies of this Order may be distributed by U.S. first class mail, overnight delivery, facsimile, electronic mail, or personally, by agents or employees of Plaintiff, by any law enforcement agency, or by private process server, upon any Person, Financial Institution, or other entity that may have possession or control of any property, property right, document, or asset of any Defendant, or that may be subject to any provision of this Order. Service upon any branch or office of any Financial Institution or entity shall effect service upon the entire financial institution or entity.  For purposes of service on anyone in possession of records, assets, property or property rights, actual notice of this Order shall be deemed complete upon service of pages 1 through 17 of this Order.

## X.  Bankruptcy Petitions

**IT IS FURTHER ORDERED** that the Defendants are hereby prohibited from filing, or causing to be filed, a petition for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 et seq., without prior permission from this Court.

## XI.  Monitoring

**IT IS FURTHER ORDERED** that agents or representatives of the FTC may contact Defendants or Defendants' agents or representatives directly and anonymously for the purpose of monitoring compliance with Paragraph I of this Order, and may tape record any oral communications that occur in the course of such contacts.

## XII.  Distribution of Order by Defendants

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each of their corporations, subsidiaries, affiliates, divisions, directors, officers, agents, partners, successors, assigns, employees, attorneys, agents, representatives, sales entities, sales persons, telemarketers, independent contractors, and any other Persons in active concert or participation with them. Within five (5) calendar days following service of this Order by Plaintiff, each Defendant shall file with this Court and serve on Plaintiff, an affidavit identifying the names, titles, addresses, and telephone numbers of the persons and entities on which Defendants have served a copy of this Order in compliance with this provision.

## XIII.  Correspondence with and Notice to Plaintiff

IT IS FURTHER ORDERED that for purposes of this Order, all correspondence and pleadings to the Commission shall be addressed to:

> Maxine R. Stansell
> Federal Trade Commission
> 915 Second Avenue, Suite 2896
> Seattle, WA 98174
> (206) 220-4474 [telephone]
> (206) 200-6366 [facsimile]
> mstansell@ftc.gov

## XIV.  Severability

**IT IS FURTHER ORDERED** that the provisions of this Order are separate and severable from one another.  If any provision is stayed, modified, becomes or is determined to be invalid, all of the remaining provisions shall remain in full force and effect.

/ /

/ /

## XV.  Retention of Jurisdiction

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**SO ORDERED**, this 14th day of  October, 2010

_____

The Honorable Josephine Staton Tucker
United States District Judge