UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. SACV10-1452 JST (PJWx) |
| Plaintiff, | |
| v. | STIPULATED FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF AS TO DEFENDANTS AMINULLAH SARPAS AND NEW LIFE SOLUTIONS, INC. |
| U.S. HOMEOWNERS RELIEF, INC., *et al.,* | |
| Defendants. | |

Plaintiff Federal Trade Commission ("FTC") commenced this civil action on September 27, 2010, pursuant to Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, and the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. § 6101 *et seq.*, to obtain preliminary and permanent injunctive and other equitable relief for Defendants' alleged violations of Section 5 of the FTC Act, 15 U.S.C. § 45, and the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, in connection with the marketing and sale of mortgage

STIP. FINAL JUDGMENT AND ORDER
AS TO AMINULLAH SARPAS
AND NEW LIFE SOLUTIONS, INC. - 1

1   assistance relief services.  On September 28, 2010, the Court entered an *ex parte*

2   Temporary Restraining Order ("TRO") that included, among other things,

3   appointment of a  temporary receiver, an asset freeze, and immediate access to

4   Defendants'  business premises.  The court terminated the receivership on

5   November 9, 2010.  The FTC and Defendants Aminullah Sarpas and New Life

6   Solutions, Inc., ("Settling Defendants") hereby stipulate to the entry of this

7   Stipulated Final Judgment and Order for Permanent Injunction and Other Equitable

8   Relief ("Order").

9                                                         **FINDINGS**

10          By stipulation of the parties and being advised of the premises, the Court

11   finds:

12   1.      This is an action by the FTC instituted under Sections 13(b) and 19 of the

13   FTC Act, 15 U.S.C. §§ 53(b) and 57b.  The Complaint seeks both permanent

14   injunctive relief and equitable monetary relief for the Settling Defendants' alleged

15   deceptive acts or practices as alleged therein.

16   2.      The FTC has the authority under Sections 13(b) and 19 of the FTC Act to

17   seek the relief it has requested, and the Complaint states a claim upon which relief

18   can be granted against the Settling Defendants.

19   3.      This Court has jurisdiction over the subject matter of this case and has

20   jurisdiction over the Settling Defendants.  Venue in the Central District of

21   California is proper.

22   4.      The activities of the Settling Defendants, as alleged in the Complaint, are in

23   or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

24   5.      The FTC and the Settling Defendants stipulate and agree to entry of this

25   Order, without trial or final adjudication of any issue of fact or law, to settle and

26   resolve all matters in dispute arising from the conduct of the Settling Defendants

27

28   STIP. FINAL JUDGMENT AND ORDER
     AS TO AMINULLAH SARPAS
     AND NEW LIFE SOLUTIONS, INC. - 2

alleged in the Complaint to the date of entry of this Order.  This settlement does not settle and resolve any matters not alleged in the Complaint.  The Settling Defendants do not admit any of the allegations set forth in the Complaint, other than the jurisdictional facts, merely by stipulating and agreeing to the entry of this Order.

6.      The Settling Defendants waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order.  The Settling Defendants also waive any claim that they may have held under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order.  Each settling party shall bear its own costs and attorneys fees.

7.      This action and the relief awarded herein are in addition to, and not in lieu of, other remedies as may be provided by law, including both civil and criminal remedies.

8.      Entry of this Order is in the public interest.

## ORDER

### Definitions

For purposes of this Order, the following definitions shall apply:

1.      **"Asset" or "Assets"** means any legal or equitable interest in, right to, or claim to any real or personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes" (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located.

2.      **"Assisting others"** includes, but is not limited to:

STIP. FINAL JUDGMENT AND ORDER
AS TO AMINULLAH SARPAS
AND NEW LIFE SOLUTIONS, INC. - 3

a.     performing customer service functions including, but not limited to, receiving or responding to consumer complaints;

b.     formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including, but not limited to, any telephone sales script, direct mail solicitation, or the text of any Internet website, email, or other electronic communication;

c.     formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including but not limited to, web or Internet Protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services;

d.     providing names of, or assisting in the generation of, potential customers;

e.     performing marketing, billing, or payment services of any kind; and

f.     acting or serving as an owner, officer, director, manager, or principal of any entity.

3.     **"Competent and reliable evidence"** means tests, analyses, research, studies, or other evidence based on the expertise of professionals in the relevant area, that has been conducted and evaluated in an objective manner by persons qualified to do so, using procedures generally accepted in the profession to yield accurate and reliable results.

4.     **"Consumer"** means any natural person.

5.     **"Customer"** means any person who has paid, or may be required to pay, for products, services, plans, or programs offered for sale or sold by any other person.

STIP. FINAL JUDGMENT AND ORDER
AS TO AMINULLAH SARPAS
AND NEW LIFE SOLUTIONS, INC. - 4

6.      **"Debt relief product or service"** means any product, service, plan, or program represented, expressly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt or obligation, including but not limited to a tax debt or obligation, between a person and one or more unsecured creditors or debt collectors, including but not limited to, a reduction in the balance, interest rate, or fees owed by a person to an unsecured creditor or debt collector.

7.      "**Defendants**" means U.S. Homeowners Relief, Inc., also d/b/a Greenleaf and Greenleaf Modify; Waypoint Law Group, Inc.; American Lending Review, Inc., also d/b/a American Law Center; New Life Solutions, Inc.; D.G.C. Consulting, LLC; DLD Consulting, LLC; Paul Bain; Macie Bain; Aminullah Sarpas; and Damon Grant Carriger.

8.      **"Document"** is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which the information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

9.      **"Federal homeowner relief or financial stability program"** means any program (including its sponsoring agencies, telephone numbers, and Internet websites) operated or endorsed by the United States government to provide relief to homeowners or stabilize the economy, including but not limited to:

      a.      the Making Home Affordable Program;

      b.      the Financial Stability Plan;

STIP. FINAL JUDGMENT AND ORDER
AS TO AMINULLAH SARPAS
AND NEW LIFE SOLUTIONS, INC. - 5

c.      the Troubled Asset Relief Program and any other program sponsored or operated by the United States Department of the Treasury;

d.      the HOPE for Homeowners program, any program operated or created pursuant to the Helping Families Save Their Homes Act, and any other program sponsored or operated by the Federal Housing Administration; or

e.      any program sponsored or operated by the United States Department of Housing and Urban Development ("HUD"), the HOPE NOW Alliance, the Homeownership Preservation Foundation, or any other HUD-approved housing counseling agency.

10.      **"Financial related product or service"** means any product, service, plan, or program represented, expressly or by implication, to:

a.      provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit, debit, or stored value cards;

b.      improve, or arrange to improve, any consumer's credit record, credit history, or credit rating;

c.      provide advice or assistance to any consumer with regard to any activity or service the purpose of which is to improve a consumer's credit record, credit history, or credit rating;

d.      provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, a loan or other extension of credit; or

e.      provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving any service represented, expressly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt or obligation, including but not limited to a tax

STIP. FINAL JUDGMENT AND ORDER
AS TO AMINULLAH SARPAS
AND NEW LIFE SOLUTIONS, INC. - 6

1    debt or obligation, between a consumer and one or more secured creditors,

2    servicers, or debt collectors.

3       11.   **"Material"** means likely to affect a person's choice of, or conduct

4    regarding, goods or services.

5       12.   **"Mortgage assistance relief product or service"**  means any

6    product, service, plan, or program, offered or provided to the consumer in

7    exchange for consideration, that is represented, expressly or by implication, to

8    assist or attempt to assist the consumer with any of the following:

9          a.   stopping, preventing, or postponing any mortgage or deed of

10   trust foreclosure sale for the consumer's dwelling, any repossession of the

11   consumer's dwelling, or otherwise saving the consumer's dwelling from

12   foreclosure or repossession;

13         b.   negotiating, obtaining, or arranging a modification of any term

14   of a dwelling loan, including a reduction in the amount of interest, principal

15   balance, monthly payments, or fees;

16         c.   obtaining any forbearance or modification in the timing of

17   payments from any dwelling loan holder or servicer on any dwelling loan;

18         d.   negotiating, obtaining, or arranging any extension of the period

19   of time within which the consumer may (i) cure his or her default on a

20   dwelling loan, (ii) reinstate his or her dwelling loan, (iii) redeem a dwelling,

21   or (iv) exercise any right to reinstate a dwelling loan or redeem a dwelling;

22         e.   obtaining any waiver of an acceleration clause or balloon

23   payment contained in any promissory note or contract secured by any

24   dwelling; or

25         f.   negotiating, obtaining, or arranging (i) a short sale of a

26   dwelling, (ii) a deed-in-lieu of foreclosure, or (iii) any other disposition of a

27

28   STIP. FINAL JUDGMENT AND ORDER
     AS TO AMINULLAH SARPAS
     AND NEW LIFE SOLUTIONS, INC. - 7

dwelling loan other than a sale to a third party that is not the dwelling loan holder.

The foregoing shall include any manner of claimed assistance, including, but not limited to, auditing or examining a consumer's mortgage or home loan application.

13.    **"Person"** means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

14.    **"Settling Defendants"** means Aminullah Sarpas, a.k.a. David Sarpas, and New Life Solutions, Inc.

a.    **"Corporate Settling Defendant"** means New Life Solutions, Inc., and its successors and assigns.

b.    **"Individual Settling Defendant"** means Aminullah Sarpas.

# I.

# BAN ON MARKETING DEBT RELIEF SERVICES

**IT IS FURTHER ORDERED** that the Settling Defendants, whether acting directly or through any other person, are permanently restrained and enjoined from:

A.    Advertising, marketing, promoting, offering for sale, or selling any debt relief product or service; and

B.    Assisting others engaged in advertising, marketing, promoting, offering for sale, or selling any debt relief product or service.

STIP. FINAL JUDGMENT AND ORDER
AS TO AMINULLAH SARPAS
AND NEW LIFE SOLUTIONS, INC. - 8

## II.

## BAN ON MARKETING MORTGAGE ASSISTANCE RELIEF PRODUCTS AND SERVICES

IT IS THEREFORE ORDERED that the Settling Defendants, whether acting directly or through any other person, are permanently restrained and enjoined from:

A.     Advertising, marketing, promoting, offering for sale, or selling any mortgage assistance relief product or service; and

B.     Assisting others engaged in advertising, marketing, promoting, offering for sale, or selling any mortgage assistance relief product or service.

## III.

## PROHIBITED MISREPRESENTATIONS RELATING TO FINANCIAL RELATED PRODUCTS OR SERVICES

**IT IS FURTHER ORDERED** that the Settling Defendants and their officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale or sale of any financial related product or service, are hereby permanently restrained and enjoined from:

A.     Misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

    1.     The terms or rates that are available for any loan or other extension of credit, including but not limited to:

        a.     closing costs or other fees;

        b.     the payment schedule, the monthly payment amount(s), or other payment terms, or whether there is a balloon

STIP. FINAL JUDGMENT AND ORDER
AS TO AMINULLAH SARPAS
AND NEW LIFE SOLUTIONS, INC. - 9

payment; interest rate(s), annual percentage rate(s), or finance charge; the loan amount, the amount of credit, the draw amount, or outstanding balance; the loan term, the draw period, or maturity; or any other term of credit;

c.      the savings associated with the credit;

d.      the amount of cash to be disbursed to the borrower out of the proceeds, or the amount of cash to be disbursed on behalf of the borrower to any third parties;

e.      whether the payment of the minimum amount specified each month covers both interest and principal, and whether the credit has or can result in negative amortization;

f.      that the credit does not have a prepayment penalty or that no prepayment penalty and/or other fees or costs will be incurred if the consumer subsequently refinances; and

g.      that the interest rate(s) or annual percentage rate(s) are fixed rather than adjustable or adjustable rather than fixed;

2.      Any person's ability to improve or otherwise affect a consumer's credit record, credit history, or credit rating or ability to obtain credit;

3.      That any person can improve any consumer's credit record, credit history, or credit rating by permanently removing negative information from the consumer's credit record, credit history, or credit rating, even where such information is accurate and not obsolete; and

4.      That a consumer will receive legal representation;

STIP. FINAL JUDGMENT AND ORDER
AS TO AMINULLAH SARPAS
AND NEW LIFE SOLUTIONS, INC. - 10

B.      Advising a customer that the customer cannot or should not contact, communicate with, or make payments to the customer's lender or servicer; and

C.      Advertising or assisting others in advertising credit terms other than those terms that actually are or will be arranged or offered by a creditor or lender.

## IV.

## PROHIBITED MISREPRESENTATIONS RELATING TO ANY PRODUCT OR SERVICE

**IT IS FURTHER ORDERED** that the Settling Defendants and their officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale or sale of any product, service, plan, or program are hereby permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

A.      Any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including, but not limited to, the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer;

B.      That any person is affiliated with, endorsed or approved by, or otherwise connected to any other person; government entity; any federal homeowner relief or financial stability program; public, non-profit, or other non-commercial program; or any other program;

C.      That they themselves provide the product, service, plan, or program;

D.      That any person providing a testimonial has purchased, received, or used the product, service, plan, or program;

STIP. FINAL JUDGMENT AND ORDER
AS TO AMINULLAH SARPAS
AND NEW LIFE SOLUTIONS, INC. - 11

E.    That the experience represented in a testimonial of the product, service, plan, or program represents the person's actual experience resulting from the use of the product, service, plan, or program under the circumstances depicted in the advertisement;

F.    The total costs to purchase, receive, or use, or the quantity of, the product, service, plan, or program;

G.    Any material restriction, limitation, or condition on purchasing, receiving, or using the product, service, plan, or program;

H.    That any person has implemented reasonable and appropriate measures to protect consumers' non-public personal information against unauthorized access; or

I.    Any material aspect of the performance, efficacy, nature, or characteristics of the product, service, plan, or program.

## V.

### SUBSTANTIATION FOR BENEFIT, PERFORMANCE, AND EFFICACY CLAIMS

**IT IS FURTHER ORDERED** that the Settling Defendants and their officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale, or sale of any financial related product or service are hereby permanently restrained and enjoined from making any representation or assisting others in making any representation, expressly or by implication, about the benefits, performance, or efficacy of any financial related product or service, unless, at the time such

STIP. FINAL JUDGMENT AND ORDER
AS TO AMINULLAH SARPAS
AND NEW LIFE SOLUTIONS, INC. - 12

representation is made, the Settling Defendants possess and rely upon competent and reliable evidence that substantiates that the representation is true.

## VI.

## PROHIBITED TELEMARKETING ACTIVITIES

**IT IS FURTHER ORDERED** that the Settling Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the telemarketing, advertising, marketing, promotion, offering for sale or sale of any good or service, are hereby permanently restrained and enjoined from violating, or assisting others in violating, any provision of the Telemarketing Sales Rule, 16 C.F.R. Part 310, including, but not limited to:

A.      Section 310.3(a)(2)(iii) of the TSR, 16 C.F.R. § 310.3(a)(2)(iii), by misrepresenting, directly or by implication, any material aspect of the performance, efficacy, nature, or central characteristic of any good or service;

B.      Section 310.3(a)(2)(iv) of the TSR, 16 C.F.R. § 310.3(a)(2)(iv), by misrepresenting, directly or by implication, the seller's refund, cancellation, exchange, or repurchase policies; and

C.      Section 310.3(a)(2)(vii) of the TSR, 16 C.F.R. § 310.3(a)(2)(vii), by misrepresenting, directly or by implication, affiliation with, or endorsement by, any government or third-party organization.

## VII.

## PROHIBITION ON DISCLOSING CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that the Settling Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive

actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are permanently restrained and enjoined from:

A.    Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account) of any person that any Settling Defendant obtained prior to entry of this Order in connection with the advertising, marketing, promotion, offering for sale or sale of any mortgage assistance relief service or any debt relief service; and

B.    Failing to dispose of such customer information in all forms in their possession, custody, or control within thirty (30) days after entry of this Order. Disposal shall be by means that protect against unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the customer information cannot practicably be read or reconstructed.

*Provided, however*, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

## VIII.

## MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

A.    Judgment is entered, as equitable monetary relief, in favor of the FTC and against Settling Defendants, jointly and severally, in the amount of three million, nine hundred sixteen thousand, sixty-six dollars ($3,916,066.00), less the sum of any amounts paid to the FTC pursuant to judgments in this action relating to other Defendants.

STIP. FINAL JUDGMENT AND ORDER
AS TO AMINULLAH SARPAS
AND NEW LIFE SOLUTIONS, INC. - 14

B.     Any funds received by the FTC pursuant to this Section shall be deposited into a fund administered by the FTC or its agent to be used for equitable relief, including but not limited to consumer redress and any attendant expenses for the administration of any redress funds.  In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the FTC may apply any remaining funds for such other equitable relief, including but not limited to consumer information remedies, as the FTC determines to be reasonably related to the practices alleged in the Complaint.  Any funds not used for such equitable relief shall be deposited to the U.S. Treasury as equitable disgorgement.  The Settling Defendants shall have no right to challenge the FTC's choice of remedies or the manner of distribution.

C.     The Settling Defendants relinquish all dominion, control, and title to the funds paid to the fullest extent permitted by law.  The Settling Defendants shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise.

D.     The Settling Defendants agree that the facts as alleged in the Complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the FTC to enforce its rights to any payment or money judgment pursuant to this Order, including but not limited to a nondischargeability complaint in any bankruptcy case.  The Settling Defendants further stipulate and agree that the facts alleged in the Complaint establish all elements necessary to sustain an action by the FTC pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and that this Order shall have collateral estoppel effect for such purposes.

E.     The judgment entered pursuant to this Section is equitable monetary relief, solely remedial in nature, and not a fine, penalty, punitive assessment or forfeiture.

STIP. FINAL JUDGMENT AND ORDER
AS TO AMINULLAH SARPAS
AND NEW LIFE SOLUTIONS, INC. - 15

F.      Upon request, the Settling Defendants are hereby required, in accordance with 31 U.S.C. § 7701, to furnish to the FTC their tax identification numbers, which shall be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

G.      Pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency may furnish a consumer report concerning any Settling Defendant to the FTC, which shall be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

## IX.

## ASSET FREEZE

**IT IS FURTHER ORDERED** that, upon entry of this Order, the freeze of the Settling Defendants' assets shall be dissolved.

## X.

## COOPERATION WITH FTC COUNSEL

IT IS FURTHER ORDERED that Settling Defendants shall, in connection with this action or any subsequent investigation related to or associated with the transactions or the occurrences that are the subject of the FTC's Complaint, cooperate in good faith with the FTC and appear or, in the case of the Corporate Settling Defendant, cause its officers, employees, representatives, or agents to appear at such places and times as the FTC shall reasonably request, after written notice, for interviews, conferences, pretrial discovery, review of documents, and for such other matters as may be reasonably requested by the FTC.  If requested in writing by the FTC, Settling Defendants shall appear or, in the case of the Corporate Settling Defendant, cause its officers, employees, representatives, or agents to appear and provide truthful testimony in any trial, deposition, or other proceeding related to or associated with the transactions or the occurrences that are the subject of the Complaint, without the service of a subpoena.

STIP. FINAL JUDGMENT AND ORDER
AS TO AMINULLAH SARPAS
AND NEW LIFE SOLUTIONS, INC. - 16

# XI.

## COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Settling Defendants' compliance with this Order:

A.     Within 14 days of receipt of a written request from a representative of the Commission, each Settling Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.     For matters concerning this Order, the Commission is authorized to communicate directly with each Settling Defendant.  Settling Defendants must permit representatives of the Commission  to interview any employee or other person affiliated with any Settling Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.     The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to the Settling Defendants or any individual or entity affiliated with the Settling Defendants, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

STIP. FINAL JUDGMENT AND ORDER
AS TO AMINULLAH SARPAS
AND NEW LIFE SOLUTIONS, INC. - 17

## XII.

## COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Settling Defendants make timely submissions to the Commission:

A.      One year after entry of this Order, each Settling Defendant must submit a compliance report, sworn under penalty of perjury.

1.      Each Settling Defendant must:  (a) designate at least one telephone number and an email, physical, and postal address as points of contact, which representatives of the Commission may use to communicate with the Settling Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the products and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission;

2.      Additionally, the Individual Settling Defendant must:  (a) identify all telephone numbers and all email, Internet, physical, and postal addresses, including all residences; (b) identify all titles and roles in all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such

STIP. FINAL JUDGMENT AND ORDER
AS TO AMINULLAH SARPAS
AND NEW LIFE SOLUTIONS, INC. - 18

business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.     For 20 years following entry of this Order, each Settling Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.     Each Settling Defendant must report any change in:  (a) any designated point of contact; or (b) the structure of the Corporate Settling Defendant or any entity that Defendant has any ownership interest in or directly or indirectly controls that may affect compliance obligations arising under this Order, including:  creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.     Additionally, the Individual Settling Defendant must report any change in:  (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify its name, physical address, and Internet address, if any.

C.     Each Settling Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such Defendant within 14 days of its filing.

D.     Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 18 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

STIP. FINAL JUDGMENT AND ORDER
AS TO AMINULLAH SARPAS
AND NEW LIFE SOLUTIONS, INC. - 19

Executed on:\_\_\_\_\_" and supplying the date, signatory's full name, title (if applicable), and signature.

E.      Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin:  FTC v. U.S. Homeowners Relief, Inc., et al., X 100050.

## XIII.

## RECORDKEEPING

IT IS FURTHER ORDERED that Settling Defendants must create certain records for 20 years after entry of the Order, and to retain each such record for 5 years.  Specifically, Corporate Settling Defendant and Individual Settling Defendant, for any business in which that Defendant, individually or collectively with any other Defendants, is a majority owner or directly or indirectly controls, must maintain the following records:

A.      Accounting records showing the revenues from all goods or services sold, all costs incurred in generating those revenues, and the resulting net profit or loss;

B.      Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

C.      Customer files showing the names, addresses, telephone numbers, dollar amounts paid, and the quantity and description of goods or services purchased;

STIP. FINAL JUDGMENT AND ORDER
AS TO AMINULLAH SARPAS
AND NEW LIFE SOLUTIONS, INC. - 20

D.     Complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

E.     All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

F.     A copy of each advertisement or other marketing material.

## XIV.

## ORDER ACKNOWLEDGMENT

IT IS FURTHER ORDERED that Settling Defendants obtain acknowledgments of receipt of this Order:

A.     Each Settling Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.     For 5 years after entry of this Order, the Individual Settling Defendant for any business that such Defendant, individually or collectively with any other Defendant, is the majority owner or directly or indirectly controls, and each Corporate Defendant, must deliver a copy of this Order to:  (1) all principals, officers, directors, and managers; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.  To all others, delivery must occur before they assume their responsibilities.

C.     From each individual or entity to which a Settling Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

STIP. FINAL JUDGMENT AND ORDER
AS TO AMINULLAH SARPAS
AND NEW LIFE SOLUTIONS, INC. - 21

## XV.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for  purposes of construction, modification, and enforcement of this Order.


**IT IS SO ORDERED**, this 1st day of December, 2011


_____

Josephine Staton Tucker
United States District Judge

STIP. FINAL JUDGMENT AND ORDER
AS TO AMINULLAH SARPAS
AND NEW LIFE SOLUTIONS, INC. - 22